# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

EXXEL OUTDOORS, LLC

       Plaintiff,

  v.

LARRY TANG,

       Defendant.

---

## COMPLAINT FOR DECLARATORY JUDGMENT
## REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 6,322,138

---

Plaintiff Exxel Outdoors, LLC ("Exxel") alleges, for its Complaint against Defendant Larry Tang ("Tang"), as follows:

### Background & Parties

1. This is an action brought under the patent laws of the United States and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 for declaratory judgment of non-infringement of U.S. Patent No. 6,322,138 B1 ("the '138 Patent") entitled "Collapsible Patio Chair." A true and correct copy of the '138 Patent, which issued on November 27, 2001,[1] is attached hereto as Exhibit A.

2. Exxel Outdoors, LLC is a Delaware limited liability company with principal operations in Boulder, Colorado.

---

[1] The '138 Patent also includes claims granted by virtue of ex parte reexamination in Reexamination No. 90/012,886. An Ex Parte Reexamination Certificate for the reexamination issued on July 15, 2014 as 6,322,138 C1. The Certificate is attached hereto as Exhibit B.

1

3. On information and belief, Larry Tang owns the '138 Patent and is a United States citizen currently residing in the People's Republic of China.

## Jurisdiction & Venue

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

6. Colorado's long-arm statute extends jurisdiction to the maximum extent allowed by the due process requirements of the Constitution. Colo. Rev. Stat. § 13-1-124. *See Found. for Knowledge in Dev. v. Interactive Design Consultants*, LLC, 234 P.3d 673, 677 (Colo. 2010).

7. Assertion of personal jurisdiction against Tang does not violate due process. Tang has purposefully directed his contacts at the District of Colorado in order to enforce the '138 Patent. Specifically, Tang has directed multiple cease-and-desist letters at Exxel, a resident of this forum, through Exxel's agents. Through these cease-and-desist letters, Tang threatened to sue Exxel for patent infringement. The cease-and-desist letters are substantially related to the cause of this action. As such, Tang has minimum contacts with the forum and created an imminent threat of litigation.

8. On information and belief, Tang is a non-practicing patent holder residing outside the United States in the People's Republic of China.

9. On information and belief, Tang has designated Charles I. Brodsky of 2 Bucks Lane, Marlboro, NJ 07746 as a party that may receive service on his behalf, with the United States Patent and Trademark Office.

10. On information and belief, Tang has directed cease-and-desist letters at other companies accused of infringing the '138 Patent that are located in California and Arkansas.

11. Tang filed a Complaint in the United States District Court for the Western District of Arkansas accusing other companies of patent infringement. Such prior litigation in a forum where neither Tang nor his agent resides demonstrates that it is not unduly burdensome for Tang to litigate the instant action in this District. Further, as Tang is a resident of the People's Republic of China, there is no greater burden caused by bringing the action in this forum than in any other.

12. Tang's allegations that Exxel chair products infringe certain claims of the '138 Patent places a cloud over Exxel's products and relationships with potential distributors and customers. This District has a substantial interest in protecting Exxel, its resident, from unwarranted claims of patent infringement.

13. Exxel has an interest in protecting itself from patent infringement claims by obtaining relief from a federal court in its home forum.

14. Resolution of the declaratory judgment claims herein would result in an efficient resolution of the controversy.

15. There are no conflicts between the interest of Colorado and any other state in resolving this controversy as the same body of federal patent law would govern the patent infringement claims irrespective of the forum in which this action is brought.

16. Therefore, minimum contacts exist between Tang and this forum, and jurisdiction over Tang in this District is reasonable and fair.


**Factual Background**

17.     Exxel is an award-winning, world-renowned designer and manufacturer of high quality innovative products for the outdoor industry.  For nearly twenty years, Exxel's innovations, designs, and top quality products have established its reputation as a leader in the outdoor industry.  Exxel maintains a broad and growing range of authentic outdoor brands that sell equipment and apparel for customers ranging from the backyard camper to the high alpine expedition mountaineer.

18.     As part of its product lines, Exxel offers for sale a variety of outdoor folding armchairs.

19.     On March 14, 2016, Tang, through his counsel, sent Exxel a letter, a true and correct copy of which is attached hereto as Exhibit C. In the letter, Tang alleged ownership of the '138 Patent, and alleged that Exxel, "manufacture[s], offer[s] for sale, and/or sale [sic] collapsible patio chairs that infringe on" the '138 Patent. Exhibit C at 23.  Tang also authorized his counsel to "either file suit to enforce his patent or negotiate a license with those who are infringing." *Id.*

20.     The March 14, 2016 letter failed to identify which Exxel chairs allegedly infringed on the '138 Patent.  Tang also failed to identify which claim(s) of the '138 Patent were allegedly infringed by such chairs.  In support of Tang's allegations, the letter included six low-resolution photographs that allegedly depicted an Exxel chair.  Tang failed to explain how any or all of the photographs establish Exxel's infringement of any claim of the '138 Patent.

21.     On July 26, 2016, Exxel, through its counsel, sent Tang a letter, a true and correct copy of which is attached hereto as Exhibit D.  In the letter, Exxel denied the infringement allegations made by Tang.  Exxel stated, in part, "Exxel strongly denies the suggestion by your

client that it infringes any valid claim of the '138 patent." Exhibit D at 1. Based in part on this statement, Exxel declined to discuss a license with Tang. *Id.*

22.     In response to Exxel's letter, Tang's attorney noted via e-mail that Tang would pursue Exxel once its patent infringement litigation against others in the Western District of Arkansas was concluded. On March 30, 2017, the Court in the Western District of Arkansas dismissed Tang's case with prejudice pursuant to a settlement agreement between the parties (Dkt. No. 267). Case No. 5:11-CV-05112-ELW (W.D. Ark.).

23.     On April 5, 2017, Tang, through his counsel, reasserted his threat against Exxel with another letter, a true and correct copy of which is attached hereto as Exhibit E. Despite Exxel's denials of infringement, the letter did not further substantiate the basis of Tang's allegations regarding Exxel's infringement. Rather, the letter simply stated, "I see that Exxel continues to infringe on Mr. Tang's patent." Exhibit E at 2. In the letter, Tang again failed to identify (a) which '138 Patent claims were allegedly infringed by Exxel's chair or (b) how Exxel's chair infringed such claim(s). However, the letter did identify three specific chairs sold by Exxel as allegedly infringing the '138 Patent. Exhibit E at 5. These three chairs share a common design known by Exxel as quad chairs. As such, Exxel understands that Tang has accused quad chairs of infringement. It is not clear whether other Exxel chairs are also accused.

24.     In the April 5, 2017 letter, Tang repeatedly threatened litigation against Exxel. On Tang's behalf, his counsel stated, "Mr. Tang has authorized me to pursue litigation of other infringers to his patent unless I am able to reach a settlement for past infringement and future royalties. I am very confident in pursuing such litigation; but Mr. Tang has asked me to pursue a settlement first." Exhibit E at 2. Referencing the litigation in the Western District of Arkansas against another accused infringer, his counsel stated, "Mr. Tang's six-year lawsuit with Tofasco

shows his willingness to proceed with litigation if necessary. I hope we are able to come to an agreement instead. Please provide me with [Exxel's] response on or before April 30, 2017." *Id.* at 3.

25. By virtue of Tang's acts and statements, Exxel has a reasonable fear and apprehension that patent infringement litigation will be brought against it. Therefore, there currently exists an actual and justiciable controversy between Exxel and Tang relating to the '138 Patent.

26. Tang's allegations of Exxel's infringement of the '138 Patent's claims place a cloud over Exxel's products and relationships with potential distributors and customers. In fact, and as outlined below, Exxel's products do not infringe, either directly or indirectly, any claim of the '138 Patent.

27. Under the circumstances, there exists a clear, substantial, and continuing threat to Exxel's business as long as the current controversy remains unresolved. Accordingly, Exxel needs and seeks resolution of the issues raised in this complaint for declaratory relief. On at least such basis, Exxel is entitled to declaratory relief.

28. Exxel denies that it now infringes or in the past has infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any claim of the '138 Patent.

## The '138 Patent and Tang's Claims

29. The '138 Patent contains seven (7) claims. An additional fourteen (14) claims were added during *ex parte* reexamination on July 15, 2014 in Reexamination No. 90/012,886.

*See* '138 Patent and '138 Patent Reexamination Certificate, Exhibit A and Exhibit B, claims 1-21.[2]

30. Exxel's quad chairs do not practice each and every limitation of any claim of the '138 Patent, nor do any chairs sold by Exxel. For example, each of the '138 Patent's independent claims[3] require (a) "first and second rear connectors pivotally connected to upper ends of said rear crossed legs and said one of said side crossed legs, respectively" and (b) "a pair of side supports passing through apertures in each of said first and second rear connectors having lower ends fixedly connected to said rear pad connectors." None of the accused Exxel quad chairs nor any other Exxel chairs meet these limitations. As such, Exxel's quad chairs and other chairs do not infringe any independent claim of the '138 Patent.

31. As Exxel's chairs, including Exxel's quad chairs, do not infringe any independent claim of the '138 Patent, Exxel's chairs, including Exxel's quad chairs also do not infringe any dependent claim of the '138 Patent. The above allegations of non-infringement are exemplary and should not be considered an exhaustive list of each and every way in which Exxel's accused quad chairs do not infringe the claims of the '138 Patent.

32. Accordingly, Exxel seeks a declaratory judgment that it does not now infringe, nor in the past has infringed, either directly, indirectly, or under the doctrine of equivalents, any claim of the '138 Patent.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement)**

33. Exxel repeats the allegations of paragraphs 1-32 above as if fully set forth herein.

---

[2] The '138 Patent, attached as Exhibit A, reflects claims 1-7. The Reexamination Certificate for the '138 Patent, attached as Exhibit B, reflects claims 8-21.
[3] The independent claims of the '138 Patent are claims 1, 8, and 15.

34. Exxel does not—through its accused quad chair products or otherwise—directly infringe, contributorily infringe, or actively induce others to infringe, either literally or under the doctrine of equivalents, any claim of the '138 Patent.

35. Exxel is entitled to a declaratory judgment by the Court that its products, including but not limited to the quad chair products accused in Tang's letters, have not and do not infringe any claims of the '138 Patent.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38, Exxel demands trial by jury on all triable issues.

## Prayer for Relief

WHEREFORE, Exxel respectfully requests the Court to enter judgment for it, and against Mr. Tang, as follows:

A. For a declaratory judgment by the Court that Exxel and its products have not and do not infringe any claims of the '138 Patent;

B. For a declaration, as warranted, that this is an exceptional case under 35 U.S.C. § 285;

C. For an award to Exxel of its attorneys' fees and expenses in this action; and

D. For such other and further relief as the Court deems just and proper.

Dated: May 2, 2017                     Respectfully submitted,

                                             *s/* B. Scott Eidson
                                             B. Scott Eidson
Samir R. Mehta
STINSON LEONARD STREET LLP
7700 Forsyth Boulevard, Suite 1100
Saint Louis, MO 63105
Telephone: (314) 863-0800
Facsimile: (314) 259-3924
scott.eidson@stinson.com
samir.mehta@stinson.com

*Attorneys for Plaintiff Exxel Outdoors, LLC*