# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**CIVIL ACTION NO. 1:17-cv-01090**

**EXXEL OURDOORS, LLC**

    **Plaintiff**

**v.**

**LARRY TANG,**

    **Defendant**

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS

---

### INTRODUCTION

This case against Defendant Larry Tang (Tang) should be dismissed because this Court lacks jurisdiction over Tang.

### FACTUAL BACKGROUND

Tang is a United States Citizen who presently has a primary residence in China. He is the inventor and owner of U.S. Patent 6,322,138. On or about March 14, 2016, Tang sought to enforce his patent against Exxel Outdoors, LLC (Exxel) by sending a cease and desist letters to Exxel's registered agent in Huntsville, Alabama. See Exhibit C of Plaintiff's Complaint. On or about July 26, 2016, Exxel's attorney, located in St. Louis, Missouri, delivered a responsive letter to Tang's attorney. See Exhibit D of Plaintiff's Complaint. Between June 30, 2016 and July 28, 2016 the parties attorneys exchanged emails regarding the matter. On or about April 5, 2017, Tang's attorney delivered an additional letter to Plaintiff's attorney located in St. Louis, Missouri. See Exhibit E of Plaintiff's Complaint. Tang's attorney and Exxel's attorney exchanged additional emails regarding this matter.

Other than these communications, Tang has had no connection to Exxel. There exists no contracts or relationship of any kind between the parties. Tang has never traveled within the borders of the State of Colorado and neither does Tang personally have any minimum contacts with any party in the State of Colorado that would qualify this Court's jurisdiction over him.

## LEGAL ARGUMENT

This case should be dismissed because the Court lacks personal jurisdiction over Tang. Exxel bases its claim for personal jurisdiction on only a few letters that Tang's counsel sent to enforce his patent. The Federal Circuit Court directly addressed the matter of jurisdiction in such situations when it stated:

> In many patent declaratory judgment actions, the alleged injury arises out of the threat of infringement as communicated in an "infringement letter," and the patentee may have little contact with the forum beyond this letter. *See generally Red Wing Shoe,* 148 F.3d at 1359-61. While such letters themselves might be expected to support an assertion of specific jurisdiction over the patentee because "the letters are 'purposefully directed' at the forum and the declaratory judgment action 'arises out of' the letters,'" *Silent Drive,* 326 F.3d at 1202, we have held that, based on "policy considerations unique to the patent context," *id.* at 1206, "letters threatening suit for patent infringement sent to the alleged infringer *by themselves* 'do not suffice to create personal jurisdiction,'" *id.* at 1202 (quoting *Red Wing Shoe,* 148 F.3d at 1359-60) (emphasis added). This is "because to exercise jurisdiction in such a situation would not 'comport with fair play and substantial justice.'" *Id.* (quoting *Red Wing Shoe,* 148 F.3d at 1359-60). Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. *Avocent Huntsville Corp. v. Aten Intern. Co. Ltd.*, 552 F.3d 1324, 1333 (Fed. Cir. 2008).

In *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, the Plaintiff sought a declaratory judgment against the Defendants after the defendant, a Taiwanese company, delivered several patent infringement letters to the Plaintiff. In fact, these letters were sent directly to the Plaintiff and addressed to its location in the forum state. The Court noted that "The Federal Circuit

provides that a patent owner may, without more, send cease and desist letters to a suspected infringer, or its customers, without being subjected to personal jurisdiction in the suspected infringer's home state." *Id*. at 1340.  The Court found that the three letters of enforcement sent to the Plaintiff did not subject the Defendant to personal jurisdiction in the forum state.  *Id*. at 1341.

This case is on point with *Avocent*.  In *Avocent* the Defendant was a foreign party that delivered infringement letters to the Plaintiff.  The Plaintiff filed an action in its resident state for a declaratory judgment against infringement.  As in *Avocent*, Tang's primary residence is not in the United States, and he has no significant contacts or ongoing business in the State of Colorado sufficient to subject him to personal jurisdiction.  He has not even travelled to the State of Colorado.  In fact, Exxel bases its entire allegation of personal jurisdiction on the few correspondence letters sent by Tang's counsel to Exxel's agent and counsel.[1]  Because the Court has held that sending enforcement letters to an infringing party does not establish a Court's jurisdiction and because there are no other facts that show Tang has minimum contacts with the State of Colorado, this Court lacks personal jurisdiction over Tang.

WHEREFORE, Defendant Larry Tang respectfully requests this Court Dismiss this case against him and grant him all other proper relief.

Respectfully Submitted,

**LARRY TANG**, Defendant

By:   /s/ Darrell W. Gibby
Darrell W. Gibby, ABA 2007307
Gibby Law Firm, PLLC

---

[1] It is noteworthy that Tang's counsel never even sent a letter to Colorado.  He only corresponded with Exxel's agent for service of process located in Alabama and its counsel located in Missouri.  In fact, Exxel alleges that it is a Deleware company; and Tang did not even realize that Exxel had offices or any contact at all in Colorado.

903 SE 22nd Street, Ste. 3<br>
Bentonville, AR  72712<br>
(479)899-2857

## **CERTIFICATE OF SERVICE**

I, certify that on May 20, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF Filing System, which will send notification of such filing to the following:

Scott Eidson
770 Forsyth Boulevard, Suite 1100
Saint Louis, MO  63195
Scott.eidson@stinson.com

Samir R. Mehta
770 Forsyth Boulevard, Suite 1100
Saint Louis, MO  63195
Samir.mehta@stinson.com

/s/ Darrell W. Gibby_____
Darrell W. Gibby