# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

EXXEL OUTDOORS, LLC,

        Plaintiff,                        Civil Action No. 1:17-cv-01090-CMA-NYW

v.

LARRY TANG,

        Defendant.

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Pursuant to Fed. R. Civ. P. 41(a)(1)(A), in support of its voluntary dismissal, declaratory judgment plaintiff Exxel Outdoors LLC ("Exxel"), by and through its undersigned counsel, hereby states as follows:

WHEREAS, from the facts of record in this matter:

    1. This action was brought under the patent laws of the United States and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 for declaratory judgment of non-infringement of U.S. Patent No. 6,322,138 B1 ("the '138 Patent") entitled "Collapsible Patio Chair."

    2. Exxel Outdoors, LLC is a Delaware limited liability company with principal operations in Boulder, Colorado.

    3. On information and belief, defendant Larry Tang ("Mr. Tang") purports to own sufficient right title and interest in the '138 Patent to maintain a claim of patent infringement against Exxel.

4. On further information and belief, Mr. Tang is a United States citizen currently residing in the People's Republic of China. On information and belief, Mr. Tang has never sold any products that practice the claims of the '138 Patent. He has only sought to extract licensing revenues from companies, such as Exxel, that make folding chairs.

5. This action arose under the patent laws of the United States, Title 35 of the United States Code. This Court would have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This voluntary dismissal is timely because there has been no Answer filed and Mr. Tang has not moved for summary judgment.

7. Mr. Tang, appearing through counsel, has instead challenged the Court's personal jurisdiction over him by filing a motion to dismiss, filed May 20, 2017, as Docket Nos. 12 and 13. In that motion to dismiss, Mr. Tang does not admit or deny the substance of the averments of Exxel's declaratory judgment Complaint; he also neither rebuts nor addresses the substantive arguments previously set forth by Exxel denying infringement of the '138 Patent. For thirteen months preceding this declaratory judgment action, Mr. Tang has been sending threatening letters, demanding that Exxel cease and desist, and seeking that Exxel pay a royalty for a license to the '138 Patent. Yet, neither Mr. Tang nor his patent counsel has ever satisfactorily rebutted Exxel's arguments that the '138 Patent is not valid and is not infringed by Exxel.

8. Exxel maintains that the proper venue for resolving any present or future claim of patent infringement would be in this District. Further, Exxel maintains that,

even if Mr. Tang may ever choose to pursue any future claims of patent infringement against Exxel, there is no more appropriate or more convenient forum in which to resolve any claims of patent infringement than this District.

9. Mr. Tang has purposefully directed his contacts at the District of Colorado in an effort to enforce or license the '138 Patent by directing his agent, a U.S.-based attorney, to send multiple cease-and-desist letters to agents of Exxel, a company that resides in this forum. Through these cease-and-desist letters, Mr. Tang threatened on several occasions to sue Exxel for patent infringement. Yet, he has never done so. Even after Exxel filed this declaratory judgment Complaint, Mr. Tang has not sought to vindicate his position by counterclaiming for infringement in this action or by starting a new infringement case in another district. He continues to refuse Exxel its day in court.

10. Under applicable venue limitations, the only districts where Mr. Tang could bring a claim for patent infringement against Exxel are: in this District, which he has refused to do on purported personal jurisdiction objections; or in the District of Delaware, where there are no witnesses, no documents, and no relevant sources of evidence located. For a number of reasons, the District of Colorado is a much more convenient forum for any claim of patent infringement Mr. Tang may ever choose to bring.

11. In the event of a future patent infringement suit by Mr. Tang, Exxel has an interest in protecting itself from patent infringement claims by obtaining relief from a federal court in this forum. Resolution of the declaratory judgment claims herein could have resulted in an efficient resolution of the controversy. However, because

Mr. Tang has currently chosen not to pursue counterclaims for infringement and has never commenced an affirmative action for patent infringement elsewhere, Exxel assumes that Mr. Tang is not interested in enforcing the '138 Patent against Exxel in court.

12. In addition to the foregoing grounds for dismissal without prejudice of this Action, Exxel also has a reasonable belief that some or all of the folding chairs identified in Mr. Tang's prior demand (or "cease and desist") letters sent by Mr. Tang's counsel are folding chairs provided to Exxel from suppliers who are obligated to defend and indemnify Exxel against such claims or who may have already entered into licenses covering folding chair sales to Exxel; or both.  Thus, Exxel as the customer should not be burdened with ongoing litigation that is better directed at and resolved by its suppliers.

13. Exxel is voluntarily dismissing this action without prejudice, but if Mr. Tang ever does decide to file an action for infringement of the '138 Patent against any of Exxel's folding chair products, Exxel reserves the right to rely upon all legal and equitable defenses, including those occasioned by Mr. Tang's continued delay in bringing suit.

NOW, THEREFORE, Plaintiff voluntarily dismisses this action without prejudice and with each party to bear its own fees and costs associated with this action.

CORE/3003526.0524/133816860.1

Dated: June 29, 2017

Respectfully submitted,

*s/ Samir R. Mehta*
B. Scott Eidson
Samir R. Mehta
STINSON LEONARD STREET LLP
7700 Forsyth Boulevard, Suite 1100
Saint Louis, MO 63105
Telephone: (314) 863-0800
Facsimile: (314) 259-3924
scott.eidson@stinson.com
samir.mehta@stinson.com


Zane A. Gilmer
STINSON LEONARD STREET LLP
6400 S Fiddlers Green Circle, Suite 1900
Greenwood Village, CO 80111
Telephone: (303) 376-8400
Facsimile: (303) 376-8439
zane.gilmer@stinson.com

*Attorneys for Plaintiff Exxel Outdoors, LLC*

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 29, 2017, a true and correct copy was submitted electronically via CM/ECF for service on all counsel of record including:

GIBBY LAW FIRM, PLLC
Darrell W. Gibby, ABA 2007307
903 SE 22nd Street, Ste. 3
Bentonville, AR 72712

                                        *s/ Bridget Duggan*
                                        Bridget Duggan

CORE/3003526.0524/133816860.1